# IN THE COURT OF APPEALS OF IOWA

No. 23-0328
Filed May 10, 2023

**IN THE INTEREST OF A.H. and A.H.,**
**Minor Children,**

**K.S., Mother,**
　　Appellant,

**A.H., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Black Hawk County,
Linda M. Fangman, Judge.


　　A mother and father separately appeal the termination of their parental
rights. **AFFIRMED ON BOTH APPEALS.**


　　Michele R. McCann of McCann Law, PLLC, Cedar Falls, for appellant
mother.

　　Joseph G. Martin, Cedar Falls, for appellant father.

　　Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney
General, for appellee State.

　　Tammy L. Banning of the Office of State Public Defender, Waterloo,
attorney and guardian ad litem for minor children.


　　Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**SCHUMACHER, Presiding Judge.**

A mother and father separately appeal the termination of their parental rights. As to the mother, we find the State established a statutory ground for termination and that termination is in the children's best interests. We decline to grant an exception to termination based on the mother's bond with the children. And we decline both parents' request for a six-month extension. We affirm.

## I.       Background Facts & Proceedings

Al.H. was born in March 2021, and Ad.H. was born in March 2022. The children and their parents came to the attention of the Iowa Department of Health and Human Services (HHS) in March 2022 because of the mother's drug use during her pregnancy with Ad.H. There were also concerns over the father's drug use, as well as domestic violence in the home.[1] Ad.H.'s umbilical cord tested positive for methamphetamine, amphetamine, and marijuana. Al.H.'s hair tested positive for marijuana. While an attempt was made to avoid removal through a voluntary safety plan wherein the children were placed with a relative, the district court formally removed both children in April. The children were adjudicated as children in need of assistance (CINA) in May.

Throughout the underlying CINA case, the father's involvement with the children and with services was limited. He did not participate in substance-abuse treatment or mental-health treatment despite a March evaluation recommending both. He was inconsistent in attending visitation, blaming his work schedule for

[1] The mother and father had their parental rights terminated to two children in 2019. The father had his parental rights terminated to two additional children, one in 2007 and another in 2017.

his lack of attendance at visits with the children. He also failed to address domestic violence. On January 27, 2023, just days before the termination hearing, he assaulted the mother, causing her to be hospitalized. The assault resulted in a no-contact order being put in place. Then, at the termination hearing on February 1, he verbally abused the mother in front of the court, resulting in the court finding he violated the no-contact order.[2]

The mother's focus was on her mental health and substance abuse. She consistently attended therapy for her mental health but was noncompliant with medication management. Her mental-health therapy did not address her history with domestic violence until the week before the termination hearing. Her therapist acknowledged that the mother was "probably not forthcoming with everything." The mother consistently attended visits with the children, which generally go well.

The mother's lack of honesty included minimizing her substance abuse, which she denied until drug tests established she was using. Her participation in drug testing was also erratic. Despite two negative drug tests in January 2023, the mother missed ten other drug tests since December 27, 2022. She participated in three separate substance-abuse evaluations, one each in March, August, and October. Each recommended treatment, although the intensity of treatment varied with each evaluation. The mother did not participate in treatment after the first two evaluations. She started treatment following the October evaluation, but only attended two group sessions before ceasing her attendance.

---

[2] The father voluntarily left the hearing following his comment to the mother. But after returning to the courtroom, he aggressively approached the bench, would not back away from the bench after being so instructed by the court, and had to be removed from the courtroom by law enforcement.

There are also concerns over the parents' toxic relationship. The mother testified that she moved to Oelwein in September to get away from the father. However, she remained in contact with the father after her move. And after she moved back around December, the mother and father engaged in sexual relations following the permanency hearing. Providers have observed bruising on the mother caused by the father. As noted, the father assaulted the mother just days before the termination hearing.

The State petitioned to terminate both parents' parental rights in October 2022. At the December 9 hearing, the court provided a six-week extension for the parents after expressing concerns over the lack of drug testing. The court set out detailed expectations for the parents. But the parents accomplished little, if any, of the court's directives. The termination hearing was held February 1, 2023. The court terminated both parent's parental rights pursuant to Iowa Code section 232.116(1)(g), (h), and (l) (2022). Both parents appeal.

## II. Standard of Review

We review the termination of parental rights de novo. *In re P.L.,* 778 N.W.2d 33, 40 (Iowa 2010). Our "first and governing consideration . . . is the best interests of the [children]." Iowa R. App. P. 6.904(3)(o).

## III. Mother's Appeal

### A. Statutory Ground for Termination

The mother claims the State failed to establish a statutory ground for termination. The court terminated her parental rights pursuant to Iowa Code section 232.116(1)(g), (h), and (l). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order

on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We find clear and convincing evidence under section 232.116(1)(h).[3]

The mother only contests the last element of section 232.116(1)(h), whether the children can safely be returned at the present time. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (defining "at the present time" as "at the time of the termination hearing"). The department's concerns, as they related to the mother, centered on the mother's substance abuse and issues of domestic violence perpetrated by the father. Unfortunately, those concerns remain as evident as ever.

Despite three separate substance-abuse evaluations, the mother did not meaningfully engaged in treatment. She failed to start treatment following her evaluation in August and only attended two sessions following her October evaluation. Despite the occasional negative drug test, the mother rarely participated in testing—she missed ten tests between December 29 and the termination hearing. Her therapist testified that the mother is only honest about her drug use when she is confronted with a positive drug test. Her longest period

---

[3] That section is met when the court finds all of the following:

 (1) The child is three years of age or younger.

 (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

 (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

 (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

of sobriety, as demonstrated by drug testing, is three weeks, which occurred in October.

Domestic violence remains a concern as well. The mother did not address domestic violence with her therapist until the session prior to the termination hearing, which occurred following the father's most recent assault. Despite asserting that she had left the father in September, the mother remained in contact with him throughout her time in Oelwein. They engaged in sexual relations following the court hearing in December.

We are cognizant that the mother is a victim of domestic violence—her contact with the father throughout 2022 did not cause or excuse his assault in January. But our focus must be on the best interests of the children. As discussed at trial, children in domestically violent households are exposed to severe harms. And we are guided by a parent's past actions when trying to predict future conduct. *See id.* at 709. Given the past pattern of remaining in contact with the father, the prospect of future domestic violence looms large.[4] The State established a ground for termination under section 232.116(1)(h).

## B. Best Interests of the Children

The mother contends termination is not in the children's best interests. When considering whether termination is in the children's best interests, we "give primary consideration to the [children's] safety, to the best placement for furthering the long-term nurturing and growth of the [children], and to the physical, mental, and emotional condition and needs of the [children]." Iowa Code § 232.116(2).

---

[4] The HHS caseworker also testified that she believed the parents would continue to communicate despite the existence of the no-contact order.

We conclude termination is in the best interests of the children. As explained above, the mother has not addressed her substance abuse. Despite three separate substance-abuse evaluations recommending treatment, the mother has not meaningfully engaged in such treatment. She has not demonstrated sustained sobriety. And domestic violence in the household remains a major concern. The children need permanency. *See In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018). Because the children would be exposed to ongoing substance abuse and domestic violence if returned to the mother's custody, termination is in their best interests.

### C.     Permissive Exception to Termination

The mother also asserts the court should have declined to terminate her parental rights due to her close bond with the children. *See* Iowa Code § 232.116(3)(c). The factors in section 232.116(3) "are permissive, not mandatory." *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citation omitted). The mother bears the burden of established the applicability of the exception. *A.S.*, 906 N.W.2d at 476.

We decline to apply the exception. There was some testimony to suggest the mother shares a close bond with the children. But a bond is insufficient to preclude termination. Instead, the mother must demonstrate that "termination would be detrimental to the [children]" due to such bond. Iowa Code § 232.116(3)(c). The mother has failed to meet her burden for such exception. Upon our close review, we are unable to determine that termination will be detrimental to the children.

### D. Mother's Request for Six-Month Extension

The mother also asks for a six-month extension for reunification efforts. A juvenile court can grant a six-month extension to work toward reunification if it can "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). No such showing can be made in this case. The mother has made little progress on her sobriety, and only recently acknowledged domestic violence as an issue. The mother's therapist and the HHS caseworker both opined that the mother was not likely to make sufficient progress in six months to warrant reunification. Despite a year of services, and services provided in the previous juvenile proceedings, the same issues remain as those that existed at the start of the proceedings. We, like the district court, decline to grant a six-month extension.

### IV. Father's Request forSix-Month Extension

The father claims providing him an additional six-months to work towards reunification is in the children's best interests. *See* Iowa Code § 232.104(2)(b). Here, little suggests the need for removal will be remedied in six months. The father has failed to participate in services. He has not addressed his substance abuse. His participation in visits with the children is erratic. And his issues with anger and domestic violence remain—he assaulted the mother mere days before the termination hearing, resulting in a no-contact order. And he cursed at the mother—in violation of the no-contact order—and had to be removed from the courtroom by law enforcement during the termination hearing. We decline to grant

the six-month extension.  To the extent the father raises a best-interest argument, we find termination of the father's parental rights to be in the children's best interest for the reasons previously recited.

**AFFIRMED ON BOTH APPEALS.**